IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

MARK PIERCE, WILLIAM C. ENLOE,
JILL COOK, TRINITY CAPITAL
CORPORATION AND
LOS ALAMOS NATIONAL BANK
    Plaintiffs,

v.                                             C.A. NO. 16-829

ATLANTIC SPECIALTY INSURANCE
COMPANY AND FEDERAL INSURANCE
COMPANY
    Defendants,

## DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S
## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

    Please take notice that ATLANTIC SPECIALTY INSURANCE COMPANY, erroneously sued as Atlantic Specialty Insurance Company d/b/a One Beacon Insurance Company, a defendant in the above-captioned consolidated action, hereby files its Notice of Removal of this civil action to the United States District Court for the District of New Mexico, from the First Judicial District Court, County of Los Alamos, State of New Mexico, as provided by 28 U.S.C. §§ 1331 and 1441 (a), (c), which permits removal because a federal question is presented.

### I.    PROCEDURAL HISTORY

    1.    The action being removed is cause number D-132-CV-2015-00082, styled *William C. Enloe v. Atlantic Specialty Insurance Company dba OneBeacon Insurance Company, Federal Insurance Company, Trinity Capital Corporation, and Los Alamos National Bank, N.A.*,

*2334931*

pending in the First Judicial District Court County of Los Alamos State of New Mexico; consolidated with cause number D-132-CV-205-00083, styled *Trinity Capital Corporation and Los Alamos National Bank, N.A. v. Atlantic Specialty Insurance Company, Federal Insurance Company, William C. Enloe and Jill Cook*, pending in the First Judicial District Court County of Los Alamos State of New Mexico; consolidated with D-101-CV-2015-02381 *Mark Pierce v. Atlantic Specialty Insurance Company, Trinity Capital Corporation dba Los Alamos National Bank and Federal Insurance Company*, pending in the First Judicial District Court County of Los Alamos State of New Mexico.

2. On July 7, 2016, Plaintiff, Mark Pierce filed his Amended Complaint for Declaratory Relief ("Amended Complaint") in the consolidated state court action described in paragraph number 1 above. Defendant, Atlantic Specialty Insurance Company was served electronically with a copy of the Amended Complaint on July 7, 2016.

3. This is an insurance coverage action. The parties to the consolidated action removed hereby are seeking insurance coverage from Defendant insurers Atlantic Specialty Insurance Company and Federal Insurance Company arising out of purported claims against some or all of the parties seeking coverage, relative to the conduct of the business of Trinity Capital Corporation d/b/a Los Alamos National Bank. The defendant insurers deny coverage is available to any of the parties to this litigation to trigger a duty to indemnify under the Atlantic Specialty insurance policy, for the incidents Plaintiffs describe.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the consolidated removed action are filed herewith.

5. A jury was demanded in the state court proceedings.

6. Defendant Atlantic Specialty Insurance Company files this Notice of Removal within 30 days of receipt of Plaintiff Mark Pierce's Amended Complaint described herein, the filing of which was a voluntary action taken by Mr. Pierce. The amended complaint raised for the first time allegations from which the defendant could ascertain that the case had become removable pursuant to 28 USC §1446 (b)(3).

7. Consent to removal from codefendants is not required in this action which is removed based on federal question.

## II.   FEDERAL QUESTION

8. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

9. A federal question may arise in two instances: (a) when the plaintiff's right to relief is created by federal law; or (b) when the plaintiff's right to relief is created by state law, but the resolution of the case necessarily depends on a substantial question of federal law. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed. 2d 650 (1986).

10. If a civil action, such as this one, involves both a federal question and an otherwise non-removable claim, "the entire action" is removable. 28 U.S.C. § 1441(c).

11. Plaintiff Mark Pierce's Amended Complaint raised for the first time in the removed litigation federal question jurisdiction arising from Pierce's allegations concerning the nature of inquiries, proceedings, administrative and/or other regulatory or enforcement actions brought by either the Securities Exchange Commission ("SEC") or the Office of the Comptroller of Currency ("OCC") against one or more of the plaintiffs.[1] Plaintiffs are seeking insurance

---

[1] The OCC government website states: "The OCC charters, regulates, and supervises all national banks and federal savings associations as well as federal branches and agencies of foreign banks. The OCC is an independent bureau

coverage in connection with the above alleged inquiries, proceedings, administrative and/or other regulatory enforcement actions, as constituting claims which allegedly trigger a duty to indemnify under the Atlantic Specialty insurance policy in question.  Accordingly this Court must resolve, among other things, whether or not the conduct by the SEC and/or the OCC pursuant to their statutory authority constitute "Claims" under the Atlantic Specialty insurance policy in question. Defendant refers to the following allegations set forth in Plaintiff Mark Pierce's Amended Complaint:

- a. "Plaintiff's claims for a declaration of coverage for covered losses, and related relief … are related to certain [federal] regulatory proceedings conducted or commenced against [Los Alamos National Bank], which proceedings include a regulatory investigation … in the aftermath of the 2007-2008 home mortgage scandal and collapse …"[2]

- b. "Among the unintended consequences was an unprecedented increase in regulatory proceedings and investigations conducted by the OCC and the SEC."[3]

- c. The OCC investigated LANB's banking practices and found "certain deficiencies in LANB's banking practices."[4]

- d. The OCC found that LANB engaged in unsafe or unsound banking practices.[5]

- e. LANB and OCC entered into formal agreements, necessitating LANB to file a Form 8-K Current Report with the SEC "disclosing the deficiencies" indentified the agreement the reached.[6]

- f. In late 2012 or early 2013, LANB was notified that the "OCC and/or SEC was (sic) about to commence, or had already commenced, formal regulatory proceedings against [it.]"[7]

- g. In late 2012, the SEC filed a formal proceeding against LANB during which the SEC issued numerous subpoenas to dozens of current and former LANB officers, directors

---

of the U.S. Department of Treasury."
[2] *See* ¶ 7 of Plaintiff's Amended Complaint.
[3] *Id.* at ¶ 10.
[4] *Id.* at ¶ 13.
[5] *Id.* at ¶ 16.
[6] *Id.* at ¶¶ 14-18.
[7] *Id.* at ¶ 19.

*2334931*

and employees and to give sworn testimony at the SEC's regional office in Denver, Colorado.[8]

h. Atlantic Specialty Insurance Company sells insurance products and services to banking institutions, and its management liability policies are "mutually intended to protect banking institutions and their managing officers against the cost of defending *regulatory proceedings* instituted by the OCC or SEC[.]"[9] (emphasis added)

12. "The state suit need not invoke a federal law in order to 'arise under' it for removal purposes. It is sufficient that the merits of the litigation turn on a substantial federal issue that is 'an element, and an essential one, of the plaintiff's cause of action.'" *U.S. Express Lines Ltd. v. Higgins,* 281 F.3d 383, 389 (3rd Cir. 2002) (quoting *Gully v. First Nat'l Bank of Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96., 81 L.Ed. 70 (1936). However, it need not be a situation in which federal law completely preempts state law. *Higgins*, 281 F.3d at 389.

13. The resolution of Plaintiffs' claims for coverage under the insurance policies in question necessarily depend on an analysis and determination of Plaintiffs' allegations in light of the applicable federal law, including but not limited to:

a. Whether Plaintiffs' activities which drew the scrutiny of the federal agencies involved, constituted violations of the relevant federal banking laws so as to meet applicable coverage definitions and language under the Atlantic Specialty insurance policy;

b. Whether the activity described, among other things, according to the federal law from which those alleged "proceedings and investigations" arose, amounted to "regulatory proceedings or investigations" under federal law so as to satisfy the requirements for coverage under the Atlantic Specialty insurance policy in question.

---

[8] *Id.* at ¶¶ 20-22.
[9] *Id.* at ¶ 23.

     c. Whether the alleged regulatory proceedings or investigations of the OCC and/or SEC meet the definition of a "Claim" under the Atlantic Specialty insurance policy.

14. The character and nature of the SEC and/or OCC regulatory inquiries, proceedings and/or investigations must by definition be determined pursuant to the relevant federal law and, from there, determining coverage under New Mexico state law can likewise only be evaluated and determined by substantial reference to federal law.

### III. NOTICE OF REMOVAL IS TIMELY

15. This Notice of Removal is filed within thirty (30) days of Defendant's receipt of Plaintiff's Amended Complaint "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

### IV. NOTICE TO STATE COURT

16. Defendant has given notice of this removal to the First Judicial District Court, County of Los Alamos, State of New Mexico.

### V. ATTACHMENTS

17. All pleadings, process, and orders in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

### VI. ONLY CONSENT OF MOVANT NEEDED

18. Plaintiff claims coverage under the Atlantic Specialty Insurance Company's policy of insurance in question which can only be determined under federal law, including the above referenced federal statutes. The putative coverage issue against Atlantic Specialty Insurance Company is unique, separate and independent from the claims against the other defendants.

## VII.   MOTION TO REALIGN THE PARTIES

19.   Defendant Atlantic Specialty Insurance Company moves to realign the parties to this consolidated litigation based on their actual posture and the positions each has taken in this litigation to date as follows: William Enloe, Jill Cook, Mark Pierce, Trinity Capital Corporation, and Los Alamos National Bank should henceforth be identified as "Plaintiffs," notwithstanding the counterclaims and/or cross-claims between some or all of those parties, and Atlantic Specialty Insurance Company and Federal Insurance Company should henceforth be identified as "Defendants."

## VIII. CONCLUSION

20.   For the foregoing reasons, Atlantic Specialty Insurance Company requests that this Court:

a. Place this case on the docket of the United States District Court for the District of New Mexico; and

b. Realign the parties as follows: Plaintiffs: William Enloe, Jill Cook, Mark Pierce, Trinity Capital Corporation, and Los Alamos National Bank; and Defendants: Atlantic Specialty Insurance Company and Federal Insurance Company; and

c. Such other and further relief as to which Atlantic Specialty Insurance Company may be entitled.

Respectfully submitted,

*/s/ Gordon H. Rowe III*
Gordon H. Rowe III
THE ROWE LAW FIRM, P.C.
1200 Pennsylvania NE, Ste 2B
Albuquerque, NM 87110
505-232-2800
(F) 505-266-1030
*Attorney for Defendant*
*Atlantic Specialty Insurance Company*

And

*2334931*

P a g e | 8

>Kent M. Adams*
>Wilson Elser Moskowitz Edelman & Dicker, LLP
>909 Fannin St., Suite 3300
>Houston, Texas 77010
>713 – 353 – 2000
>(F) - 713 – 785 – 7780
>*Attorney for Defendant*
>*Atlantic Specialty Insurance Company*
>(*Motion to appear Pro Hac Vice is in progress)

## CERTIFICATE OF SERVICE

This is to certify that on July 18, 2016, a true and correct copy of the foregoing has been served on the following counsel of record:

| | |
|---|---|
| Robert P. Warburton, Esq.<br>Sara Nathanson Sanchez<br>**STELZNER, WINTER, WARBURTON, FLORES, SANCHEZ & DAWES, P.A.**<br>P.O. Box 528<br>Albuquerque, New Mexico  87103<br><br>*Counsel for Plaintiffs Trinity Capital Corporation and Los Alamos National Bank, N.A.* | Mark C. Dow, Esq.<br>Deborah R. Stambaugh, Esq.<br>**BAUMAN, DOW & LEON, P.C.**P.O. Box 30684<br>Albuquerque, New Mexico  87190-0684<br><br>*Counsel for Plaintiff William C. Enloe* |

*2334931*

| | |
|---|---|
| John M. Brant, Esq.<br>**LAW OFFICE OF JACK BRANT, PC**<br>202 Tulane Drive, SE<br>Albuquerque, New Mexico 87106<br><br>*Counsel for Defendant Jill Cook* | Raul P. Sedillo, Esq.<br>**BUTT, THORNTON & BAEHR, P.C.**<br>P.O. Box 3170<br>Albuquerque, New Mexico 87190<br><br>*Counsel for Federal Insurance Company* |

David J. Berardinelli
Berardinelli Law Firm
Post Office Box 1944
Santa Fe, New Mexico 87504

*Attorney for Mark Pierce*

                                               */s/ Gordon H. Rowe III*
                                              Gordon H. Rowe III