IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK PIERCE,
WILLIAM C. ENLOE,
JILL COOK,
TRINITY CAPITAL CORPORATION AND
LOS ALAMOS NATIONAL BANK,

      Plaintiffs,

v.                                                 Civil No. 16-829 KG/SCY

ATLANTIC SPECIALTY INSURANCE COMPANY,
FEDERAL INSURANCE COMPANY, and
CONTINENTAL CASUALTY COMPANY,

      Defendants.

### PLAINTIFFS' JOINT EXPEDITED OPPOSED MOTION TO STAY PENDING RESOLUTION OF MOTION(S) TO REMAND

Mark Pierce, William C. Enloe, Jill Cook, and Trinity Capital Corporation dba Los Alamos National Bank (LANB), by and through their respective undersigned counsel of record, move to stay proceedings in this action until the issue of remand / federal question jurisdiction has been resolved. As explained below, Plaintiffs seek to stay deadlines that begin as early as August 5 and 8, 2016 (and thereafter), as explained below.

Attorneys for Atlantic Specialty Insurance Company (ASIC) oppose this motion.

Attorneys for Continental Casualty Company (CNA) oppose this motion.

(If, after filing this opposed motion, ASIC and CNA consent, it will be withdrawn and refiled as an unopposed motion.)

Attorneys for Federal Insurance Company consent to this motion.

**REMAND PLEADINGS**

**Pierce's Motion to Remand.** By August 18, 2016, responses to Pierce's Motion to Remand are due. (Doc. 158), based on ASIC's removal on July 18, 2016 (Doc. 1). There could be up to three (3) separate responses -- from ASIC, from Federal Insurance Company (FIC), and from CNA. (Post-removal, ASIC filed a Notice that FIC consents to removal (Doc. 95), even though FIC counsel had already entered appearances (Docs. 4 & 5).) (CNA has not joined in or consented to removal. 28 U.S.C. § 1446(b)(2)(A).)

By September 6, 2016, Pierce's reply will be due on his Motion to Remand.

**Other Motion(s) to Remand.** By August 17, 2016, there could be three (3) more Motions to Remand (within 30 days after removal on July 18, 2016 (Doc. 1)) -- if Enloe, Cook, and LANB each file separate motions.

September 6, 2016, will be the deadline for responses from ASIC, FIC, and CNA.

September 23, 2016, will be the deadline for replies from Enloe, Cook, and/or LANB (barring extensions).

**"NON-REMAND" PROCEEDINGS TO BE STAYED**

The requested stay will allow the Court and the parties to focus on the remand pleadings listed above, so that jurisdiction is decided before any more time and effort is spent on "non-remand" pleadings. Against the backdrop of remand pleadings being filed from August 18 through September 23, 2016, there are "non-remand" pleadings to be filed from August 5 to October 13, 2016. Until this Court's jurisdiction is determined, it would be most expedient to save the time, cost, and expense of briefing and deciding the "non-remand" motions.

From August 5 to August 15, 2016, responses are due to six (6) "non-remand"

2

motions that ASIC filed shortly after filing the Notice of Removal. ASIC removed the state court action on July 18, 2016, and filed six (6) "non-remand" motions from July 19 to July 29, 2016:

1. Doc. 6, ASIC's Motion to Realign Parties;
2. Doc. 149, ASIC's Motion to Strike Portions of Pierce's Amended Complaint;
3. Doc. 150, ASIC's Motion to Strike Portions of Enloe's First Amended Complaint;
4. Doc. 151, ASIC's Motion for Partial Dismissal of Pierce's Amended Complaint;
5. Doc. 154, ASIC's Motion for Partial Dismissal of Enloe's First Amended Complaint; and
6. Doc 155, ASIC's Motion for Partial Dismissal of Cook's Cross Claim.

By August 8 and August 18, 2016, answers to amended complaints (that were filed in state court, pre-removal) are due from FIC[1] and from LANB.[2]

Deadlines and settings on September 22, 2016, October 6, 2016, and October 13, 2016, are in the Court's Initial Scheduling Order (Doc. 146) (meet and confer, Joint Status Report, Rule 16 scheduling conference).

ASIC's position is that all pending discovery is suspended at this time. On July 21, 2016, ASIC's position was to suspend depositions of ASIC witnesses that had been noticed for mid-September in Minneapolis. (**Exhibit 1**, emails between Kent Adams (ASIC), Mark Dow (Enloe), and Robert Warburton (LANB) on July 21, 2016.) ASIC's position was also to suspend discovery answers that were due from LANB to ASIC on July 25, 2016. *Id.*

---

[1] Federal Ins. Co. will file its answer to Pierce's Amended Complaint (Doc. 63) by August 8, 2016. (Doc. 140, Notice of Extension of Time.)

[2] LANB will file its answer to Pierce's Amended Complaint (Doc. 63) by August 18, 2016. (Doc. 145, Notice of Extension of Time.) LANB will file its answer to Enloe's Amended Complaint (Doc. 76) by August 18, 2016. (Doc. 144, Notice of Extension of Time.)

Under these circumstances, it makes sense to resolve all Motion(s) to Remand challenging federal question jurisdiction <u>before</u> proceeding with any of the discovery or briefing (and rulings) on the "non-remand" pending motions.

ASIC opposes a stay, yet suspended pending discovery, and filed six (6) motions within eleven (11) days of removal in attempt to interfere with Plaintiffs' ability to focus on the Motions to Remand, and with the Court's ability to focus on those jurisdictional motions.

CNA was added as a named defendant in the state court consolidated case via Enloe's First Amended Complaint, filed on May 31, 2016 (Doc. 76). CNA filed an answer to that complaint post-removal, on July 27, 2016 (Doc. 148). Enloe counsel agreed with CNA counsel not to oppose a motion for leave should CNA seek to amend its answer (either in federal court if remand is denied, or in state court if remand is granted), yet CNA opposes a stay.

There is precedent for staying all proceedings while jurisdiction is in question. *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 Fed. 3rd 152, 155 (2nd Cir. 1996) (Generally the federal courts must first resolve all doubts about its jurisdiction over the subject matter of the case before addressing the merits of any motion or otherwise disposing of the case.). Before the Court addresses the merits of the other pending motions, it should first determine whether it even has subject matter jurisdiction over the cause of action. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998); *Brennan Law Firm, P.C. v. Norfolk Southern Railway, Co.*, 2005 WL 3358889. Until then, as suggested by the Court in *Brennan*, it is prudent for the parties to seek to stay discovery and other briefing, pending the resolution of the motion(s) to remand. *Id.*, n.2.

While there is a dispute as to whether this Court has subject matter jurisdiction, the parties ask the Court to rule on this Motion to Stay as the Court has the inherent power to stay a case. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.; Pace v. Merck & Co., Inc.*, 2005 WL 6125457 * 1 (D.N.M.).

If the Court denies remand, the Court could order that answers by FIC and LANB to Pierce's Amended Complaint (Doc. 63), and LANB's answer to Enloe's First Amended Complaint (Doc. 76), be filed by 14 days after entry of the Court's Order, and that the other briefing and ISO deadlines be reset accordingly.

WHEREFORE, Plaintiffs respectfully request that the Court grant this Joint Expedited Opposed Motion to Stay Pending Resolution of Motion(s) to Remand, vacating the ISO (Doc. 146), and staying briefing on all non-remand pending motions filed as of the entry of the order (including responses and further briefing and decision on Docs. 6, 149, 150, and 151), and for such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        BAUMAN, DOW & STAMBAUGH, P.C.
        By: /s/ Cynthia L. Weisman
        Mark C. Dow
        Cynthia L. Weisman
        P.O. Box 30684
        Albuquerque, NM 87190
        Telephone (505) 883-3191
        *Attorneys for Plaintiff William Enloe*
        mcd@bdsfirm.com
        cw@bdsfirm.com

Approved 8/3/16
David J. Berardinelli
Berardinelli Law Firm
P.O. Box 1944
Santa Fe, NM 87504-1944
(505) 988-9664
renea@djblawfirm.com
*Counsel for Mark Pierce*

Approved 8/3/16
Robert P. Warburton
Sarah N. Sanchez
Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A.
P.O. Box 528
Albuquerque, NM 87103
(505) 938-7770
rpw@stelnznerlaw.com
ssanchez@stelznerlaw.com
*Counsel for Trinity Capital Corporation and Los Alamos National Bank*

Approved 8/3/16
John M. Brant
Law Office of Jack Brant, P.C.
202 Tulane SE
Albuquerque, NM 87106
(505) 23205300
jack@jbrantlaw.com
*Counsel for Jill Cook*

I HEREBY CERTIFY that on August 3, 2016, I caused the foregoing to be filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Cynthia L. Weisman*
Cynthia L. Weisman