IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK PIERCE,
WILLIAM C. ENLOE,
JILL COOK,
TRINITY CAPITAL CORPORATION and
LOS ALAMOS NATIONAL BANK,

      Plaintiffs,

v.                                              CIV 16-0829 KG/KBM

ATLANTIC SPECIALTY INSURANCE COMPANY,
FEDERAL INSURANCE COMPANY, and
CONTINENTAL CASUALTY COMPANY,

      Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER comes before the Court on Plaintiffs' Joint Expedited Opposed Motion to Stay Pending Resolution of Motion(s) to Remand ("Motion to Stay") (*Doc. 159*), which was filed August 3, 2016.  The Court, having considered the motion, exhibits and relevant law, and being otherwise fully informed, finds that the motion shall be granted to the extent that discovery in this case will be stayed pending resolution of Plaintiff Pierce's Motion to Remand to State Court ("Motion to Remand") (*Doc. 158*).

In their Motion to Stay, Plaintiffs move to stay all proceedings, including discovery, until the issue of remand and federal question jurisdiction has been resolved.  Relatedly, Plaintiffs request that the Initial Scheduling Order, issued by Magistrate Judge Steven Yarbrough on July 27, 2016, be vacated.  Subsequent

to the filing of their motion, this matter was reassigned to me as the referral Magistrate Judge, and all conferences set before Judge Yarbrough, including the Rule 16 Initial Scheduling Conference, were vacated. *Doc. 173*.

Atlantic Specialty Insurance Co. ("ASIC") opposes Plaintiffs' Motion to Stay, arguing that the Court "appropriately established deadlines and settings in its Initial Scheduling Order . . . [and] [t]here is no factual or legal reason to stay any deadline or setting that the Court has established." *Doc. 176* at 1. Although Plaintiffs suggest that ASIC previously agreed to a discovery stay, ASIC explains in its response brief that it merely agreed that "discovery was, *by definition*, stayed in the state court action from which this case was removed." *Doc. 176* at 2 (alteration in original). In any event, ASIC now opposes a stay of discovery. Defendant Continental Casualty Company ("Continental"), in contrast, does not oppose a discovery stay pending determination of the Court's jurisdiction. *Doc. 191* at 2.

In addition to a discovery stay, Plaintiffs also seek a stay of briefing on all pending non-remand motions. In particular, they note that ASIC filed five motions in late July, which require responses from Plaintiffs by Monday, August 15, 2016, and for which ASIC has apparently refused to grant extensions. Plaintiffs suggest that these motions have been filed in bad faith in an effort to interfere with Plaintiffs' ability to focus on and file additional motions to remand. They also maintain that the Court must necessarily determine any motions to remand before entertaining other non-remand motions. Defendants disagree.

Notably, it is the presiding judge, Judge Gonzales, who will address the merits of the dispositive motions in this case. Judge Gonzales is, therefore, the one best suited to determine whether the briefing of particular dispositive motions should be stayed pending resolution of the Motion to Remand and/or other motions.  Accordingly, I reserve for his determination Plaintiffs' request that all proceedings and deadlines be stayed, limiting my consideration of the instant motion to the requested discovery stay.

Nevertheless, in order to allow Judge Gonzales adequate time to consider the merit of Plaintiffs' request for a stay of all proceedings, the Court will grant a brief extension to Plaintiffs, until August 25, 2016, for their responses to the following motions:  ASIC's Motion to Strike Portions of Pierce's Second Amended Complaint (*Doc. 149*), ASIC's Motion to Strike Portions of Enloe's First Amended Complaint (*Doc. 150*), ASIC's Motion for Partial Dismissal of Pierce's Second Amended Complaint (*Doc. 151*), ASIC's Motion for Partial Dismissal of Enloe's First Amended Complaint (*Doc. 154*), and ASIC's Motion for Partial Dismissal of Cook's Cross Claim (*Doc. 155*).

On the limited issue of a discovery stay, over which I enjoy broad discretion, I am persuaded that such a stay is warranted.  While the mere filing of a dispositive motion does not always warrant the issuance of a discovery stay, here, considerations of judicial economy and efficiency, as well as cost and burden to the litigants, dictate that such a stay is prudent pending resolution of the Motion to Remand. Indeed, I routinely find good cause to delay the issuance

of scheduling orders pursuant to Federal Rule of Civil Procedure 16(b) upon the filing of a motion contesting subject matter jurisdiction.

Wherefore,

**IT IS HEREBY ORDERED** that discovery is stayed pending resolution of the Motion for Remand (*Doc. 158*).

**IT IS FURTHER ORDERED** that the Initial Scheduling Order (*Doc. 146*), along with all corresponding deadlines, is hereby vacated.

**IT IS FURTHER ORDERED** that determination of Plaintiffs' Motion to Stay is reserved for consideration by the presiding judge, Judge Gonzales, to the extent that Plaintiffs request a stay of all proceedings and briefing deadlines.

**IT IS FURTHER ORDERED** that Plaintiffs are granted an extension, until August 25, 2016, for their responses to the following motions:  ASIC's Motion to Strike Portions of Pierce's Second Amended Complaint (*Doc. 149*), ASIC's Motion to Strike Portions of Enloe's First Amended Complaint (*Doc. 150*), ASIC's Motion for Partial Dismissal of Pierce's Second Amended Complaint (*Doc. 151*), ASIC's Motion for Partial Dismissal of Enloe's First Amended Complaint (*Doc. 154*), and ASIC's Motion for Partial Dismissal of Cook's Cross Claim (*Doc. 155*).

Dated this 10th day of August, 2016.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE