# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARK PIERCE, WILLIAM C. ENLOE, and
JILL COOK, TRINITY CAPITAL
CORPORATION and LOS ALAMOS
NATIONAL BANK,

    Plaintiffs,

vs.                                                                 Civ. No. 16-829 JAP/KBM

ATLANTIC SPECIALTY INSURANCE
COMPANY, FEDERAL INSURANCE
COMPANY, [1] and CONTINENTAL
CASUALTY COMPANY,[2]

    Defendants.

## MEMORANDUM OPINION AND ORDER

On September 19, 2016, Defendant Atlantic Specialty Insurance Company (ASIC) filed DEFENDANT [ASIC'S] MOTION TO TAKE JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 44 (Motion to Take Judicial Notice) (Doc. No. 254). ASIC asks the Court to take judicial notice of statements made by Plaintiffs/Defendants

---

[1] Defendant Atlantic Specialty Insurance Company (ASIC) set forth this caption in its Notice of Removal (Doc. No. 1), and it is the caption reflected in this Court's electronic docket. Thus, the Court will use this caption for purposes of convenience. However, the correct caption of the three consolidated cases that were removed from the First Judicial District Court in the County of Santa Fe to this Court is: *William C. Enloe v. Atlantic Specialty Company dba OneBeacon Insurance Company, Federal Insurance Company, Trinity Capital Corporation, Los Alamos National Bank, N.A., Travelers Indemnity Company, and Continental Casualty Company dba CNA* (No. D-132-CV-2015-82)**, consolidated with** *Trinity Capital Corporation and Los Alamos National Bank v. Atlantic Specialty Insurance Company, Federal Insurance Company, William C. Enloe, and Jill Cook* (No. D-132-CV-2015-83), **consolidated with** *Mark Pierce v. Atlantic Specialty Insurance Company, Trinity Capital Corporation dba Los Alamos National Bank, and Federal Insurance Company* (No. D-132-CV-2015-02381).
[2] Continental Casualty Co. answered Mr. Enloe's amended complaint on July 27, 2016, after this case was removed to federal court and has been added to the caption as a Defendant.

Trinity Capital Corporation (TCC) and Los Alamos National Bank (LANB)[3] in a related lawsuit and to rule that LANB is judicially estopped from arguing there is no federal question jurisdiction in this case. LANB filed a response opposing the Motion to Take Judicial Notice[4] and asked for an award of attorney's fees and costs in relation to the response.[5] TRINITY CAPITAL CORPORATION AND LOS ALAMOS NATIONAL BANK'S RESPONSE TO DEFENDANT [ASIC'S] MOTION TO TAKE JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 44 (Response) (Doc. No. 258). ASIC did not file a reply. Having considered the pertinent law and the briefing, the Court will grant in part and will deny in part the Motion to Take Judicial Notice by taking judicial notice of LANB's statements in the Notice of Removal in *Enloe v. Trinity Capital Corporation, et al.*, No. CIV 15-567 WPL/KBM and by declining to judicially estop LANB from arguing that there is no federal question jurisdiction in this case. The Court also will deny LANB's request for an award of attorney's fees and costs.

---

[3] TCC owns LANB. The Court will, therefore, refer to TCC and LANB, collectively, as LANB.

[4] William Enloe, Mark Pierce, and Jill Cook join in the Response. (Doc. Nos. 259, 260, 262).

[5] LANB notes that the Motion to Take Judicial Notice fails to comply with D.N.M. LR-Civ 7.1(a) (movant must provide "recitation of a good-faith request for concurrence" or else face summary denial of motion). LANB, therefore, asks the Court to summarily deny the Motion to Take Judicial Notice. Because LANB would, nonetheless, have opposed the Motion to Take Judicial Notice and because the interests of justice favor a ruling on the merits, the Court will not summarily deny the Motion to Take Judicial Notice based on procedural grounds. In all future filings, the parties should take care to adhere with this Court's Local Rules.

A. Background

    *1. ASIC's Notice of Removal Doc. No. 1, Civ. No. 16-829[6]*

A central issue in the three consolidated cases set forth in the caption[7] is whether various insurance companies, including ASIC, must indemnify LANB and LANB employees Mark Pierce, William C. Enloe, and Jill Cook for legal expenses incurred in defending federal regulatory investigations conducted by either the Securities Exchange Commission (SEC) or the Office of the Comptroller of Currency (OCC). Notice of Removal, ¶ 11. ASIC removed these cases to federal court on the basis of federal question jurisdiction.

ASIC argues in the Notice of Removal that Mr. Pierce's second amended complaint contains allegations about the nature of the SEC and OCC's regulatory investigations which raise the issue of whether "the conduct by the SEC and/or the OCC pursuant to their statutory authority constitute 'Claims' under the Atlantic Specialty insurance policy in question." *Id.* ASIC, therefore, argues that federal question jurisdiction exists because resolution of the claims issue under the insurance policies "necessarily depend[s] on an analysis and determination of Plaintiffs' allegations in light of applicable federal law…." *Id.* ¶ 13. LANB and the other Plaintiffs have filed motions to remand asserting, *inter alia*, that the cases do not involve federal questions that can support federal question jurisdiction. (Doc. Nos. 158, 225, 226, 227).

    *2. Separate, Related Removed Federal Case: Enloe v. Trinity Capital Corporation, et al., Civ. No. 15-567 WPL/KBM*

In a related state case, also removed to federal court, Mr. Enloe alleged, among other things, that LANB violated state law by not honoring his Employment Agreement, which

---

[6] ASIC also filed a supplement to its Notice of Removal, which notified the Court of yet another related federal lawsuit. (Doc. No. 211). That supplement is not relevant to the Motion to Take Judicial Notice.

[7] The state court consolidated the cases before ASIC removed the cases. (Doc. No. 79).

purportedly required LANB to indemnify Mr. Enloe for legal expenses he incurred in defending the regulatory investigations by the SEC and OCC.[8]

In the Notice of Removal in Civ. No. 15-567, LANB stated generally that "[f]ederal law imposes restrictions on banking institutions, and their holding companies, with regard to the indemnification of officers, directors and employees in connection with legal expenses incurred as a result of administrative and civil enforcement actions by federal banking agencies." Doc. No. 1 ¶ 23. LANB, thus, argued that whether it can indemnify Mr. Enloe "under 12 U.S.C. § 1828 and 12 C.F.R. Part 359 is a question of federal law that is necessary and central to resolution of Plaintiff's state law claims against LANB and TCC, such that this Court has federal question jurisdiction over this matter." *Id.* ¶ 33.

Within a month of LANB's removal of the *Enloe* proceeding, Mr. Enloe voluntarily dismissed the case without prejudice.[9] Mr. Enloe then filed a new complaint in state court, which did not include an indemnification claim against LANB.[10] *See* Doc. Nos. 61, 62 (containing pleadings filed in state court proceedings).

> 3. *Consolidated State Court Proceeding: LANB v. ASIC, et al., Cause No. D-132-CV-2015-00083.*[11]

LANB's complaint filed in state court raises state law claims against ASIC and Defendant Federal Insurance Company for failing to reimburse LANB for its advancement of defense costs to employees involved in the SEC and OCC regulatory investigations. LANB also

---

[8] Doc. No. 1–3, ¶¶ 32-38, Civ. No. 15-567 WPL/KBM. LANB removed the case to federal court on the basis of federal question jurisdiction.
[9] Doc. No. 11, in Civ. No. 15-567.
[10] Mr. Enloe, instead, brought an alternative claim of negligence under state law against LANB for breaching its duty to act reasonably and to put the insurance carriers on notice of Mr. Enloe's claims for coverage of defense expenses. Doc. No. 62 ¶ 115. Mr. Enloe's second lawsuit was removed from state court and is one of the three consolidated cases now before this Court.
[11] This lawsuit is another of the three consolidated cases now before this Court.

brings state law claims against ASIC for engaging in unfair, deceptive, and unconscionable practices. *See* Counts I through V of LANB's Complaint. Doc. Nos. 133 and 134 (containing pleadings filed in state court proceedings). In addition, LANB seeks a declaratory judgment that it had "no duty to advance fees or otherwise indemnify Enloe or Cook in connection with the ongoing Regulatory Investigations and that TCC and LANB are prohibited from making such indemnification payments under the terms of 12 C.F.R. Part 359," and that "provisions of 12 C.F.R. Part 359 preempt any claims for advancement of fees or indemnification that Enloe or Cook may have arising under contract, state statutory provisions, common law or equity." *Id.* at Count VI, ¶¶ 133 and 134.

After LANB filed the state lawsuit and prior to its removal by ASIC, Mr. Enloe filed in state court a Verified Waiver and Disclaimer in which he

> fully waives and disclaims with prejudice his right to pursue a declaratory judgment cause of action against TCC or LANB and/or a contract or quasi-contractual indemnification claim that TCC or LANB is required to indemnify Enloe, and reimburse legal defense costs incurred by Enloe in connection with the regulatory actions and enforcement litigation more fully described in the [LANB] Complaint.

Doc. No. 126 ¶ 3. Mr. Enloe acknowledges that this waiver and disclaimer "moots TCC and LANB's declaratory judgment claim against Enloe and defeats the assertion that TCC and LANB's declaratory judgment claim constitutes an actual controversy." *Id*. ¶ 4.

Also, prior to the removal of *LANB v. ASIC* by ASIC, the state court judge in *LANB v. ASIC* entered a stipulated order dismissing without prejudice the declaratory judgment claim against Ms. Cook. Doc. No. 136. Ms. Cook and LANB "agreed to hold all disputes and controversies regarding defense and indemnity of Jill Cook by TCC/LANB in abeyance…." *Id.* at 1.

5

B.  Discussion

ASIC moves the Court under Fed. R. Civ. P. 44 to take judicial notice of LANB's statements in its Notice of Removal filed in the related *Enloe* case, Civ. No. 15-567 WPL/KBM. ASIC contends that both the current litigation and the dismissed *Enloe* case involve essentially the same parties and the same issues concerning claims for indemnity from ASIC. Consequently, ASIC concludes that, based on LANB's previous statements regarding the application of federal indemnification law to Mr. Enloe's claims against LANB, "the claims for indemnification Plaintiffs bring against ASIC in this action must be resolved through application of federal law and that this Court therefore has jurisdiction over this case." Doc. No. 254 ¶ 3.  In essence, ASIC contends that LANB is judicially estopped from arguing that there is no federal question jurisdiction in this case.

LANB objects to the Court finding that it "judicially admitted that the claims for indemnification against ASIC must be resolved through federal law and that this Court has jurisdiction over this case." Response, ¶ 1.  LANB further argues that, in any event, "the Tenth Circuit has flatly rejected the doctrine of judicial estoppel in federal question cases." *Id*. ¶ 2. Additionally, LANB argues that, even if judicial estoppel applies in federal question cases, judicial estoppel does not apply in this case. *Id.* ¶ 3. Finally, should the Court deny the Motion to Take Judicial Notice, LANB seeks an award of attorney's fees and costs incurred in responding to the Motion to Take Judicial Notice.

*1.  Judicial Notice*

It is well-established that the Court "may take judicial notice of public records, including district court filings." *Guttman v. Khalsa*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012).  Therefore, the Court takes judicial notice of LANB's statements in its Notice of Removal filed in the *Enloe*

case, Civ. No. 15-567. Whether those statements provide a basis for judicial estoppel presents a separate issue.

### 2. *Judicial Estoppel*

#### (a) Can Judicial Estoppel Apply in Federal Question Cases?

LANB cites *Chrysler Credit Corp. v. Country Chrysler, Inc.* and *United States v. 49.01 Acres of Land, More or Less, Situate in Osage Cty., State of Okl.* to support its contention that the Tenth Circuit has rejected the application of judicial estoppel in federal question cases. *Chrysler Credit Corp.*, 928 F.2d 1509, 1520 n.10 (10th Cir. 1991), and *49.01 Acres of Land*, 802 F.2d 387, 390 (10th Cir. 1986), respectively. Indeed, those cases stand for the proposition that the Tenth Circuit, at that time, generally rejected the doctrine of judicial estoppel. *Chrysler Credit Corp.*, 928 F.2d at 1520 n.10 (citing *49.01 Acres of Land* for the proposition that "this court does not recognize the doctrine of estoppel"); *49.01 Acres of Land*, 802 F.2d at 390 ("The Tenth Circuit, however, has rejected the doctrine of judicial estoppel.").

However, in 2001, the United States Supreme Court recognized the doctrine of judicial estoppel in *New Hampshire v. Maine*, 532 U.S. 742, 749–751, *reh'g denied*, 533 U.S. 968 (2001). In discussing *New Hampshire*, the Tenth Circuit stated:

> Although this circuit has repeatedly refused to apply this principle, *United States v. 162 MegaMania Gambling Devices,* 231 F.3d 713, 726 (10th Cir. 2000); *United States v. 49.01 Acres of Land, More or Less, Situate in Osage County, Okla.,* 802 F.2d 387, 390 (10th Cir. 1986), the Supreme Court's intervening decision in *New Hampshire* has altered the legal landscape. Accordingly, we must follow the guidance of the Court's binding precedent.

*Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068–69 (10th Cir. 2005). Hence, after the decision in *New Hampshire*, a district court in the Tenth Circuit may apply the doctrine of judicial estoppel depending on an analysis of the pertinent factors.

7

### (b) Is LANB Judicially Estopped from Asserting Lack of Federal Question Jurisdiction?

"Judicial estoppel is an equitable remedy designed to 'protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *Asarco, LLC v. Noranda Mining, Inc.*, 844 F.3d 1201, 1207 (10th Cir. 2017) (quoting *New Hampshire*, 532 U.S. at 749–50). The party seeking judicial estoppel has the burden of demonstrating "the need for its application—a difficult task given "[the Tenth Circuit's] reluctance to impose the harsh remedy." *Id.* (quoting *Vehicle Mkt. Research, Inc. v. Mitchell Int'l, Inc.*, 767 F.3d 987, 988 (10th Cir. 2014)). The Tenth Circuit recognizes that judicial estoppel is "a 'powerful weapon' to be used only when 'less forceful remedies are inadequate,' … and therefore [courts] apply it 'both narrowly and cautiously'…." *Id.* at 1207–08 (citations omitted).

In determining whether to apply judicial estoppel,

> courts typically inquire as to whether: 1) a party's later position is clearly inconsistent with its earlier position; 2) a party has persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or second court was misled"; and 3) the party seeking to assert the inconsistent position would derive an unfair advantage if not estopped.

*Bradford v. Wiggins*, 516 F.3d 1189, 1194 (10th Cir. 2008) (citation omitted). These factors are neither inflexible nor exhaustive. *New Hampshire*, 532 U.S. at 751. "If the statements [or positions] can be reconciled there is no occasion to apply an estoppel." *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 73 (2d. Cir. 1997) Moreover, "judicial estoppel is generally not appropriate where the defending party did not convince the [court] to accept its earlier position." *Semper v. Gomez*, 747 F.3d 229, 249 (3d Cir. 2014) (citation omitted). *See also New Hampshire*, 532 U.S. at 750-51 ("Absent success in a prior proceeding, a party's later inconsistent position introduces

no 'risk of inconsistent court determinations,' and thus poses little threat to judicial integrity.") (citations omitted)).

*(1) Inconsistent Positions*

ASIC argues that LANB's present stance that the Court lacks federal question jurisdiction is inconsistent with its prior statements in its Notice of Removal in the *Enloe* case, which assert the existence of federal question jurisdiction. LANB counters that when ASIC removed the three consolidated cases, LANB's federal declaratory judgment claim against Mr. Enloe was moot by virtue of Mr. Enloe's Verified Waiver and Disclaimer and, thus, its positions on federal question jurisdiction could not be inconsistent. Stated another way, LANB correctly asserts that (1) its previous position asserting federal question jurisdiction over Mr. Enloe's indemnity claim against LANB relied on federal law applicable to a bank employee's indemnification claim, a claim which no longer existed at the time of ASIC's removal, and (2) only LANB's state law claims against ASIC and Federal Insurance Company, entities explicitly not covered by the federal indemnification law LANB cited in its Notice of Removal and declaratory judgment claims, remained at the time of ASIC's removal. Under these circumstances, LANB's position in its Notice of Removal in the *Enloe* lawsuit that federal question jurisdiction existed as to Mr. Enloe's claim for indemnity against LANB is not "clearly inconsistent" with its present position that there is no federal question jurisdiction over LANB's state law claims against ASIC and Federal Insurance Company. This lack of inconsistency does not support a finding of judicial estoppel.

With respect to Ms. Cook, LANB's more general position in its Notice of Removal that federal law applies to a bank employee's claim of indemnification pertains to LANB's federal

9

declaratory judgment claim against Ms. Cook.¹² LANB, however, agreed to dismiss that claim without prejudice prior to ASIC's removal. Hence, as with the Enloe related indemnification claims, LANB's general position in its Notice of Removal in the *Enloe* lawsuit that federal question jurisdiction exists as to an employee's claim for indemnity against LANB is not "clearly inconsistent" with LANB's present position that there is no federal question jurisdiction over its remaining state law claims against ASIC and Federal Insurance Company. This lack of inconsistency, likewise, does not support a finding of judicial estoppel.

*(2) Judicial Acceptance of Earlier Position*

Even if the Court finds inconsistent positions on the issue of federal question jurisdiction, the Court examines the second judicial estoppel factor, i.e., whether "a party has persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or second court was misled,'" to determine if judicial estoppel is appropriate. *Bradford*, 516 F.3d at 1195. Here, ASIC has not provided any evidence that LANB persuaded the state court, or any other court, to accept its earlier position that a bank employee's indemnification claim against LANB provides a basis for federal question jurisdiction. This second factor, therefore, does not favor judicial estoppel.

*(3) Unfair Advantage if Not Estopped*

With respect to the third judicial estoppel factor, whether allowing a party to change its position would give that party an unfair advantage if not estopped, the Court notes that ASIC has not provided any argument that this factor supports judicial estoppel. In addition, whether LANB is judicially estopped or not, the Court has "an independent obligation to determine

---

¹² In fact, in Count VI of its complaint, LANB refers to the same federal law cited in the *Enloe* Notice of Removal to support its contention that it has no duty to indemnify Ms. Cook.

10

whether subject-matter jurisdiction exists…." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006). Because the Court has an independent obligation to consider subject matter jurisdiction, including whether it has federal question jurisdiction, the Court will examine the issue of federal question jurisdiction regardless of LANB's motion to remand. In that respect, LANB does not have any kind of unfair advantage over ASIC by arguing that the Court lacks federal question jurisdiction. This third judicial estoppel factor, therefore, does not favor judicial estoppel.

*(4) Conclusion*

Considering the above factors which do not support judicial estoppel, along with the harshness of judicial estoppel, and the corresponding mandate to narrowly and cautiously apply judicial estoppel, the Court concludes that ASIC has not carried its difficult burden of persuading the Court to apply judicial estoppel. Consequently, LANB is not judicially estopped from arguing that remand is appropriate based on lack of federal question jurisdiction.

*3. LANB's Request for an Award of Attorney's Fees and Costs*

Because the Court takes judicial notice of LANB's statements in its Notice of Removal filed in the *Enloe* case, LANB has not completely prevailed in opposing the Motion to Take Judicial Notice. LANB further does not provide any legal authority to support its request for an award of attorney's fees and costs. *See* D.N.M. LR-Civ 7.3(a) (response "must cite authority in support of the legal positions advanced."). The Court, thus, denies LANB's request for an award of attorney's fees and costs.

IT IS ORDERED that

1. DEFENDANT [ASIC'S] MOTION TO TAKE JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 44 (Doc. No. 254) is granted in part and denied in part;

11

2. the Court takes judicial notice of LANB's statements in the Notice of Removal (Doc. No. 1) filed in Civ. No. 15-567 WPL/KBM;

3. ASIC's request that LANB be judicially estopped from arguing that remand is appropriate based on lack of federal question jurisdiction is denied; and

4. LANB's request for an award of attorney's fees and costs is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE