IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK PIERCE, WILLIAM C. ENLOE, and
JILL COOK, TRINITY CAPITAL
CORPORATION and LOS ALAMOS
NATIONAL BANK,

    Plaintiffs,

vs.                                               Civ. No. 16-829 JAP/KBM

ATLANTIC SPECIALTY INSURANCE
COMPANY, FEDERAL INSURANCE
COMPANY, and CONTINENTAL
CASUALTY COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On July 26, 2017, this Court entered a MEMORANDUM OPINION AND ORDER (Doc. No. 279) (July 26, 2017 Order), concluding that this proceeding should be remanded to the First Judicial District Court in Los Alamos County after the Court rules on the Plaintiffs' requests for attorney's fees and costs against both Defendants Atlantic Specialty Insurance Company (ASIC) and Continental Casualty Company (Continental). On August 10, 2017, Continental filed DEFENDANT CONTINENTAL CASUALTY COMPANY'S MOTION FOR RECONSIDERATION OF FEE AWARD PURSUANT TO 28 U.S.C. §1447(C) (Doc. No. 284) (Continental's Motion for Reconsideration). Continental states that it does not seek reconsideration of the Court's remand decision, but rather, asks the Court to reconsider its finding that Continental is liable for the Plaintiffs' attorney's fees and costs. Continental's Motion for Reconsideration at 1.

1

On August 15, 2017, Plaintiffs Trinity Capital Corporation and Los Alamos National Bank, N.A. (collectively, LANB) filed a RESPONSE OF [LANB] TO [CONTINENTAL'S] MOTION FOR RECONSIDERATION OF FEE AWARD PURSUANT TO 28 U.S.C. §1447(C) [Doc. 284] (Doc. No. 285) (LANB's Response). Plaintiffs Mark Pierce, William C. Enloe, and Jill Cook each joined in LANB's Response (Doc. Nos. 286, 287, and 289). LANB's Response argues, in part, that Continental's Motion for Reconsideration should be denied because it contains nothing more than a "rehash of arguments" that the Court already considered and rejected. LANB's Response at 7. In addition, LANB states that Continental's Motion for Reconsideration is premature because the Court has not yet ruled on the amount of attorney's fees and costs to be awarded or how those amounts should be apportioned between ASIC and Continental. *Id.*

On August 23, 2017, Continental filed DEFENDANT [CONTINENTAL'S] REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF FEE AWARD PURSUANT TO 28 U.S.C. §1447(C) (Doc. No. 291) (Continental's Reply). Continental primarily contends that neither the Court nor LANB's Response addressed Continental's argument that it could not have reasonably ascertained a basis for realignment of the parties, along with a basis to assert that more than $75,000 was in controversy as to Continental, until Continental received various state court pleadings, which it did not receive until about July 21, 2016. *See* Continental's Reply at 1–2. Thus, according to Continental, its August 19, 2016 Notice of Removal (Doc. No. 232) was filed within 30 days of July 21, 2016, and, therefore, Continental had an objectively reasonable basis to believe it had timely removed the case.

Also on August 23, 2017, ASIC filed DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION FOR RECONSIDERATION OF FEE AWARD (Doc.

No. 293) (ASIC's Motion for Reconsideration). On August 31, 2017, LANB filed RESPONSE OF TRINITY CAPITAL CORPORATION AND [LANB] TO [ASIC'S] MOTION FOR RECONSIDERATION OF FEE AWARD [Doc. 293] (LANB's Response) (Doc. No. 298). There is no need for a reply.

**Motion to Reconsider**

I. LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration. However, as a general rule, a court will grant a motion for reconsideration when there is: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A motion for reconsideration is not an opportunity to advance arguments that the Court has already addressed and rejected, nor is a motion to reconsider an avenue to raise arguments that a party failed to present earlier. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir.), *cert. denied,* 135 S.Ct. 104 (2014); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied,* 506 U.S. 828 (1992). A decision on a motion to reconsider generally is committed to the Court's sound discretion. *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004-05 (10th Cir. 2017).

II.  DISCUSSION

   A. Continental's Motion to Reconsider

   1. *Background*

On May 31, 2016, Mr. Enloe filed a First Amended Complaint against various Defendants and, for the first time, named Continental as one of the Defendants. On June 6, 2016, Continental was served with Mr. Enloe's May 31, 2016 First Amended Complaint. See Doc. No. 156. On August 19, 2016, Continental attempted to remove this case on the basis of diversity jurisdiction, more than thirty days after service of Mr. Enloe's amended pleading. DEFENDANT [CONTINENTAL'S] NOTICE OF ADDITIONAL GROUNDS FOR REMOVAL (Doc. No. 232) (Continental's Notice of Removal). Continental stated that while none of the Plaintiff-Insureds had set out the amount in controversy in the pleadings, Continental had a reasonable belief that the amount in controversy exceeded the sum of $75,000. Continental's Notice of Removal at 4. Continental also noted that its insurance policy was an excess policy that attached above a five million dollar policy issued by ASIC and a five million dollar policy issued by St. Paul. *Id.* at 5.

Continental represented that while ASIC had removed the underlying consolidated state court proceeding on July 18, 2016, on the basis of a federal question, ASIC did not file pleadings from the consolidated state court proceeding into the federal court docket until July 21, 2016. According to Continental, only upon reviewing the pleadings filed July 21, 2016 was it able to ascertain that the matter in controversy likely exceeded $75,000. *Id.* at 6. Thus, Continental argues that its August 19, 2016 Notice of Removal was filed within 30 days of July 21, 2016, and was timely. *See* July 26, 2017 Order (discussion of procedural background in more detail).

In its July 26, 2017 Order, the Court held that Continental's notice of removal was untimely. In reaching this conclusion, the Court examined when Continental was first able to intelligently ascertain that the underlying consolidated state court proceeding was removable on the basis of diversity jurisdiction. July 26, 2017 Order at 29.

The Court acknowledged but rejected Continental's position that it could not have determined the amount in controversy from Mr. Enloe's May 31, 2016 First Amended Complaint since Mr. Enloe did not set forth a specific amount in controversy. *Id.* at 29–31. The Court reasoned, in part, that the May 31, 2016 First Amended Complaint should have alerted Continental that the jurisdictional amount for diversity jurisdiction could have been met based on the allegation that Mr. Enloe was forced to retain his own legal counsel "and spend hundreds of thousands of dollars to defend himself" in the pertinent proceedings. *See id.* at 32. The Court also noted Mr. Enloe's claims for awards of compensatory and punitive damages, treble damages under the Unfair Practices Act, and statutory attorney's fees, as well as other allegations that sufficiently informed a defendant that the jurisdictional minimum for diversity jurisdiction could have been satisfied. *Id.*

In addition, the Court considered Continental's assertion that because its insurance policy was a "second-layer excess insurance policy that attaches after exhaustion of a five million dollar primary policy issued by ASIC and a five million dollar first-layer excess policy issued by [Travelers/]St. Paul[,]" Continental could not have known the jurisdictional amount was met until Continental knew that the Insureds sought more than ten million dollars, thereby triggering coverage under its excess policy. *Id.* at 31–33. The Court reviewed the cases cited by Continental and found them distinguishable as well as non-binding on this Court. *Id.* at 33–34. Moreover, the Court observed that Continental did not identify any case law from the Tenth Circuit Court of

5

Appeals or any Circuit Court of Appeals to support its position.[1] In sum, the Court determined that Continental's argument regarding a ten-million dollar plus jurisdictional amount was frivolous. *Id.* at 34.

   2. *Analysis*

In its Motion for Reconsideration, Continental revisits some of the same arguments that the Court already considered and rejected. Continental asserts, for example, that a plaintiff must satisfy the $75,000 jurisdictional minimum for diversity jurisdiction as to each defendant. Continental Motion for Reconsideration at 3. Continental cites a number of decisions from other Circuit Courts in support of its position that severally liable defendants must each satisfy the jurisdictional mount. Continental's Motion at 3–4. While the cited cases stand for the proposition that each severally liable defendant must independently establish the $75,000 jurisdictional minimum, it does not necessarily follow, as argued by Continental, that an excess insurer like itself must demonstrate that the matter in controversy exceeds the figure of $10,075,000[2] to satisfy the jurisdictional minimum under 28 U.S.C. § 1332(a). *Compare, e.g., Middle Tennessee News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001) (discussing that a plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable but that a plaintiff must satisfy the amount in controversy requirement against each individual defendant if the defendants are severally liable);

---

[1] In its Motion for Reconsideration at 6, Continental cites *Paros Properties LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264 (10th Cir. 2016) for the proposition that a pleading must give a defendant "clear and unequivocal notice" of the amount in controversy. The Court agrees with this well established principal of law. *See* July 26, 2017 Order at 21 (discussing that the pertinent pleading itself must give "clear and unequivocal notice" that a case is removable in accordance with 28 U.S.C. 1446(b)).

[2] Presumably, it is Continental's position that it could not have known that this matter in controversy exceeded the sum of $75,000 until it first determined that the Plaintiff-Insureds sought more than $10 million dollars. Thus, in order to remove the case based on diversity jurisdiction, Continental would have to establish that the matter in controversy exceeded $10 million dollars plus $75,000. Yet, Continental did not make this pitch in its Notice of Removal, in which it merely stated that once the parties were appropriately realigned, "the matter in controversy likely exceeds $75,000." Notice of Removal at 6.

*E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F.3d 925, 933 (2d Cir. 1998) ("each and every severally liable defendant must, in the normal course of things, meet the amount in controversy").

None of the decisions cited by Continental address circumstances that place an excess insurance carrier in a different category of defendants which, in order to remove a case, must show not only that the amount in controversy exceeds $75,000 but that the sum also exceeds $10 million dollars so as to trigger the excess insurance policy. Indeed, to require this type of showing to satisfy the jurisdictional minimum might entail resolution of the underlying claims and a determination of which insurance company is liable.

Based on its novel argument, Continental claims that "the Court did not reach the issue whether Enloe's amended petition effectively alleged $10,075,000 in controversy." Continental's Motion at 5. However, this is not accurate. In its decision, the Court "acknowledge[d] Continental's argument that the jurisdictional minimum was not met until Continental knew there were claims exceeding ten million dollars." July 26, 2017 Order at 33. Even if the Court did not expressly find that the jurisdictional minimum of $75,000 was met as to each of the two removing Defendants, the allegations by Mr. Enloe that he was forced to "spend hundreds of thousands of dollars to defend himself," along with other allegations in Mr. Enloe's May 31, 2016 First Amended Complaint, were sufficient to show that more than $75,000 was in controversy as to ASIC <u>and</u> as to Continental. *See id*. at 32. The Court remains unpersuaded that an excess insurance carrier may only remove a case upon realizing that the policy limits of its excess insurance policy are triggered in addition to the $75,000 jurisdictional minimum. That is not the law, and the Court continues to find this argument frivolous.

In its Reply, Continental emphasizes that neither the Court nor the Insureds responded to Continental's argument that it could not have known from Mr. Enloe's May 31, 2016 First Amended Complaint that a sum exceeding $75,000 was at issue with respect to Continental. Continental's Reply at 1–2. Continental claims that it "would be inequitable and improper to award fees against Continental on the basis that its arguments [regarding a timely removal] were objectively unreasonable when, to this day, those arguments stand unrebutted in the record." *Id.* at 2. In the Reply, Continental seems to assert either that a plaintiff must allege the jurisdictional amount of $75,000 as to each defendant or that a plaintiff must allege a controversy implicating an amount of $10,075,000, or both. *Id.* 2-5. As explained above, the Court will not find that an excess insurance carrier such as Continental can only remove a case upon knowing that its excess insurance policy will be triggered, i.e., after the primarily liability policies with a combined limit of $10 million appear to be implicated.

The Court again considers Continental's position that it was unable to intelligently ascertain that a sum exceeding $75,000 was in controversy "as to Continental," *see* Continental's Reply at 2, until Continental reviewed additional state court pleadings that were first docketed in this federal proceeding on July 21, 2006. *See* July 26, 2017 Opinion at 31–32. Continental argues that the caption of Mr. Enloe's May 31, 2016 First Amended Complaint "noted the existence of other claims between the Insureds but the petition did not set forth the substance or status of those claims." Continental's Reply at 2; *see also* Continental's Motion at 2, 7 (maintaining that the Court failed to address Continental's position that it did not recognize a basis to realign the parties in support of diversity jurisdiction until Continental received "the full state court record of claims, cross-claims, and dismissals of cross-claims" and asserting that the "relevance of the

state court record as to realignment presents an additional basis supporting Continental's objectively reasonable grounds to remove on August 19, 2016").

The Court did consider this argument in its earlier decision – "Continental represents that only after reviewing pleadings of Mr. Pierce, Ms. Cook, and LANB in the consolidated state court proceeding and the pleadings in the *SEC Proceeding*, could it state in good faith that the total defense costs at issue would satisfy the $75,000 jurisdictional minimum." July 26, 2017 Order at 31. The Court rejected this argument, observing that Continental did not identify any specific pleadings that finally alerted it that the jurisdictional amount might be satisfied. *Id.* at 31–32. The Court also acknowledged Continental's claim that it first ascertained that the case might be removed after Continental learned of "the number of law firms that likely were involved in the regulatory proceedings and the length of time those proceedings were underway." *Id.* at 32. But, it was clear from Mr. Enloe's May 31, 2016 First Amended Complaint, the caption of which contained at least eight different parties, that a number of law firms were very likely involved. Moreover, the caption of the consolidated state court proceeding plainly indicated from the case numbers assigned, e.g., D-132-CV-2015-00082, that the state court cases stemmed from actions filed in early 2015. Enloe May 31, 2016 First Amended Complaint (Doc. No. 232–1). Furthermore, the allegations in Mr. Enloe's May 31, 2016 First Amended Complaint referred to events that occurred from 2010 to 2012. May 31, 2016 First Amended Complaint at 1 (Preliminary Statement). In its Notice of Removal, Continental recited, in part, these same or similar allegations from Mr. Enloe's amended pleading regarding pertinent events in 2012. Doc. No. 232 at 5. Continental's apparent argument that it did not know how long the state court proceeding had been underway until it reviewed other pleadings on July 21, 2017 is not believable.

While Continental might have gleaned a clearer picture of the claims among the various parties after reviewing additional pleadings on July 21, 2017, Mr. Enloe's May 31, 2017 First Amended Complaint provided clear and unequivocal notice that the amount of controversy as to Continental might exceed the $75,000 jurisdictional minimum. As already noted, Mr. Enloe alleged that he had spent hundreds of thousands of dollars to defend himself and that he sought insurance coverage in relation to those attorney's fees. Doc. No. 232–1 at 2. Mr. Enloe asserted multiple causes of action against ASIC as to its insurance policy coverage, including claims for punitive damages and treble damages under the New Mexico Unfair Practices Act. Doc. No. 232–1, ¶¶ 120, 142, 146, 162. Mr. Enloe noted that ASIC's policy limit was 5 million dollars. *Id.* ¶ 54. But, Mr. Enloe did not bring his claims solely against ASIC. Presumably, Mr. Enloe had a good faith basis for naming all of the insurance carriers, including an excess insurance carrier like Continental, which by itself was a strong signal as to the amount in controversy. The allegations from Mr. Enloe's May 31, 2016 First Amended Complaint are sufficiently specific to apprise Continental that the jurisdictional minimum could be met and that any notice of removal had to have been filed within 30 days of service of Mr. Enloe's amended pleading.

In reaching this decision, the Court recognizes that the Tenth Circuit Court is "very strict in assessing whether the grounds for removal are ascertainable" and that there must be "a specific allegation that damages exceed the federal jurisdictional amount of $75,000." *Paros Properties*, 835 F. 3d at 1269. "The 30-day clock does not begin to run until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." *Id.* (citation omitted). In *Paros*, the Tenth Circuit Court discussed a number of court decisions where the complaint or "other paper" did not provide unequivocal notice of a right to remove and/or where the pertinent allegations consisted of generalities. *See id.* The *Paros* Court noted the use of

10

ambiguous language in those pleadings which left the defendant to "only guess as to whether the claim exceeded $75,000." *Id.* at 1269–70.

These are not the circumstances here. Mr. Enloe's May 31, 2016 First Amended Complaint does not leave the defendant to guess at the jurisdictional minimum. He clearly alleges that he sought insurance coverage for the hundreds of thousands of dollars he expended to defend himself in the regulatory proceedings. These allegations do not require a defendant to make an inference "from an investigation or a review of its files." *Id.* at 1270 (citation omitted). Moreover, the Court has not held that Continental had a duty to investigate "outside the face of [Mr. Enloe's May 31, 2016 First Amended Complaint]." *See* Continental's Reply at 4. *See also* July 26, 2017 Order at 32 (noting that a removing defendant has no duty to investigate the potential grounds for removal).

In sum, the Court is not persuaded that Continental had objectively reasonable grounds to believe that its August 19, 2016 removal of the underlying consolidated state court proceeding was timely. Moreover, Continental's Motion for Reconsideration does not set out "an intervening change in the controlling law," new evidence that was previously unavailable, or "the need to correct clear error or prevent manifest injustice" sufficient to justify reconsideration. *See Servants of the Paraclete*, 204 F.3d at 1012. Instead, Continental advances arguments that the Court already addressed and rejected. Stated differently, Continental failed to show that the Court misapprehended the facts, the positions of the parties, or the controlling law. Therefore, the Court will deny Continental's Motion for Reconsideration.

B. ASIC's Motion to Reconsider

ASIC requests that the Court not impose on it an award of attorney's fees based on ASIC's assertion that it removed this proceeding to federal court "in good faith and with good cause." ASIC's Motion for Reconsideration at 2. According to ASIC, it did not know there was a federal question to support removal until it reviewed Mark Pierce's July 7, 2016 Amended Complaint. *Id.* Thus, ASIC represents that its July 18, 2016 Notice of Removal based on federal question jurisdiction was timely and that its objectively reasonable basis for removal on July 18, 2016 defeats a request for attorney's fees under 27 U.S.C. § 1447(c). *Id.* at 3.

Similar to Continental's Motion for Reconsideration, ASIC offers no discussion of the pertinent law regarding a motion for reconsideration, nor does it present evidence that there has been: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *See Servants of the Paraclete*, 204 F.3d at 1012. Furthermore, like Continental, ASIC advances the same arguments it raised in its opposition to the Motions to Remand that the Court carefully discussed and rejected. For example, ASIC maintains that "specifically Pierce's indemnity claims against ASIC for Pierce's incurring attorney fees and costs in association with responding to investigative requests of various federal governmental agencies for matters arising out of activity regulated by federal law, appeared for the first time that federal question jurisdiction applied." ASIC's Motion for Reconsideration at 2. However, in ASIC's Response to Mr. Pierce's Motion to Remand, ASIC also claimed that Mr. Pierce alleged for the first time in his July 7, 2016 Amended Complaint that "the insurance coverage he seeks under ASIC's policy arises from alleged investigations, proceedings and enforcement actions, brought against him under federal law."

ASIC Response at 5 (Doc. No. 223). In support, ASIC recited specific allegations from Mr. Pierce's July 7, 2016 Amended Complaint. *Id.* at 6 and 7–8, 9–10.

In its July 26, 2017 Order, the Court thoroughly reviewed ASIC's position, comparing each allegation relied on by ASIC to show its removal was timely with the many similar allegations found in the parties' earlier Complaints and Cross Claims against ASIC. The Court concluded, "without a doubt, that the allegations upon which ASIC relies for federal question jurisdiction, as set out in Mr. Pierce's July 7, 2016 Amended Complaint, are found either verbatim, or in spirit, or both in the earlier Complaints filed and served on ASIC by Mr. Pierce, Mr. Enloe, and LANB, and in the Cross Claim filed against ASIC by Ms. Cook." July 26, 2017 Order at 24. Thus, the Court found that ASIC should have first ascertained, many months earlier than its July 18, 2016 Notice of Removal, the possibility that a federal question existed sufficient for removal. *Id.* at 22–28.

ASIC's Motion for Reconsideration is perfunctory and provides no argument that the Court has misapprehended the facts, a party's position, or the controlling law. While true that the Court has the discretion to award attorney's fees under 28 U.S.C. § 1447(c), the Court concludes that fees are appropriate under the present circumstances where the Court finds ASIC lacked an objectively reasonable basis to believe its removal on July 18, 2016 was timely. Therefore, the Court will deny ASIC's Motion for Reconsideration.

IT IS THEREFORE ORDERED that:

(1) DEFENDANT CONTINENTAL CASUALTY COMPANY'S MOTION FOR RECONSIDERATION OF FEE AWARD PURSUANT TO 28 U.S.C. §1447(C) (Doc. No. 284) is DENIED;

13

(2) DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION

FOR RECONSIDERATION OF FEE AWARD (Doc. No. 293) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE