IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK PIERCE, WILLIAM C. ENLOE, and
JILL COOK, TRINITY CAPITAL
CORPORATION and LOS ALAMOS
NATIONAL BANK,

    Plaintiffs,

vs.                                                Civ. No. 16-829 JAP/KBM

ATLANTIC SPECIALTY INSURANCE
COMPANY, FEDERAL INSURANCE
COMPANY, and CONTINENTAL
CASUALTY COMPANY,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## SETTING AWARDS OF ATTORNEY'S FEES AND COSTS

On July 26, 2017, this Court entered a MEMORANDUM OPINION AND ORDER (Doc. No. 279) (July 26, 2017 Order), concluding that this proceeding should be remanded to the First Judicial District Court in Los Alamos County, New Mexico once the Court has decided Plaintiffs' requests for attorney's fees and costs against both Defendants Atlantic Specialty Insurance Company (ASIC) and Continental Casualty Company (Continental) in relation to Plaintiffs' remand motions. Subsequent to the Court's July 26, 2017 Order, ASIC and Continental filed separate Motions to Reconsider the Court's award of fees against the Defendants. After considering the pertinent law and the briefing, the Court denied both Motions to Reconsider. MEMORANDUM OPINION AND ORDER (Doc. No. 300).

The Court has now considered all of the attorneys' affidavits, declarations, and attachments in support of their attorney's fees requests. *See* AFFIDAVIT/DECLARATION OF

DAVID J. BERARDINELLI, ESQ. AS TO COSTS AND ATTORNEY FEES (Berardinelli Aff.) (Doc. No. 280); NOTICE OF FILING SUPPLEMENTAL EXHIBITS TO THE AFFIDAVIT/DECLARATION OF DAVID J. BERARDINELLI, ESQ.AS TO COSTS AND ATTORNEY FEES (Berardinelli Supplement) (Doc. No. 290); AFFIDAVIT OF ROBERT P. WARBURTON (Warburton Aff.) (Doc. No. 281); DECLARATION OF MARK C. DOW (Dow Aff.) (Doc. No. 282); and AFFIDAVIT OF JEANNIE HUNT RE ATTORNEY'S FEES (Hunt Aff.) (Doc. No. 283). The Court also reviewed responses by ASIC and Continental to the attorney's fee requests, along with attachments to the responses. *See* ATTORNEY'S FEES RESPONSE AFFIDAVIT OF KENT M. ADAMS (ASIC's Response Affidavit) (Doc. No. 294); ATTORNEY'S FEES RESPONSE AFFIDAVIT OF GORDON H. ROWE, III (ASIC's Response Affidavit) (Doc. No. 295); and DEFENDANT [CONTINENTAL'S] RESPONSE TO FEE PETITIONS PURSUANT TO 28 U.S.C. § 1447(C) (Continental's Response) (Doc. No. 296).

**Pertinent Legal Standards**

Title 28 U.S.C. § 1447(c) allows a court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of attorney's fees under § 1447(c) turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

The party seeking attorney's fees bears the burden of proving that its request is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining a reasonable attorney's fee award, a district court typically arrives at a "'lodestar'" figure by multiplying the

hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate. *See Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995) (calculating fee award in civil rights action). However, a court is not required to reach a lodestar determination in every instance, and, instead, may accept or reduce a fee request within its discretion. *See Hensley*, 461 U.S. at 436–37.

As to the determination of a reasonable hourly rate, a court examines evidence regarding what the market commands for a specific type of litigation. *Burch v. La Petite Academy, Inc*., 10 F. App'x 753, 755 (10th Cir. 2001) (*citing Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255 (10th Cir. 1998)). The moving party bears the burden of showing that the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Ellis v. Univ. of Kan. Med. Ctr.,* 163 F.3d 1186, 1203 (10th Cir. 1998) (citation omitted).

Block billing, the practice of lumping together multiple tasks into one billing entry, makes it difficult to determine whether billed hours are reasonable. *See Flying J Inc. v. Comdata Network, Inc.,* 322 F. App'x 610, 617 (10th Cir. 2009) ("Use of this rather imprecise practice may be strong evidence that a claimed amount of fees is excessive."). The use of block-billing is often found inadequate to support a fee award because these billing entries are not "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case* 157 F.3d at 1250.

## Discussion

The Court already has determined that both ASIC and Continental lacked an objectively reasonable basis to remove the consolidated state court proceeding on the dates each Defendant

3

filed its notice of removal. July 26, 2017 Order at 38. Therefore, the Court granted the requests for attorney's fees by Mark Pierce (Pierce), William C. Enloe (Enloe), Jill Cook (Cook), and Trinity Capital Corporation and Los Alamos National Bank (LANB) (collectively, Plaintiffs).

The Court now examines whether the following costs and fee requests, including gross receipts tax, are reasonable: 1) $62,415.08 (Pierce); 2) $49,500.94 (Enloe); 3) $17,306.42 (Cook); and 4) $32,059.88 (LANB). Each Plaintiff's attorney seeks fees at different hourly rates. The Court does not set out below separate discussions of fees sought for work by paralegals, associate attorneys, or law student externs, which the Court finds reasonable, or of costs which the Court also finds reasonable.

### I. <u>Hourly Rate</u>

#### A. *Mr. Pierce (Berardinelli)*

Mr. Pierce's attorney believes that an hourly rate of $500 per hour is customary and reasonable in this locale. Berardinelli Aff. ¶ 11–12. In support, Mr. Berardinelli attaches his fee agreement in this proceeding along with numerous affidavits by attorneys across the county who attest that Mr. Berardinelli should be awarded fees at a rate of $500 per hour. Mr. Berardinelli also filed a supplement to his affidavit informing the Court that he had been named one of the "Best Lawyers in America" in that publication's 2018 edition. Berardinelli Supplement.

#### B. *Mr. Enloe (Dow and Weisman)*

Mr. Enloe's attorneys, Mark Dow and Cynthia Weisman, state that the reasonable market rate of attorney's fees in New Mexico is between $250 and $500 per hour. Mr. Dow seeks an hourly rate of $300 and Ms. Weisman seeks an hourly rate of $225. Dow Aff.

### C. Ms. Cook (Brant and Hunt)

Ms. Cook's attorneys, Jack Brant and Jeannie Hunt, assert that their firms' usual and customary billing rates for this type of work is $250 per hour for Mr. Brant and $185 per hour for Ms. Hunt. Hunt Aff.

### D. LANB (Warburton and Sanchez)

LANB's attorneys, Robert P. Warburton and Sarah N. Sanchez, seek fees at their usual and customary billing rate of $275 per hour. Warburton Aff.

In response to the fee applications, ASIC considered the hourly rates proposed by Dow, Hunt, and Warburton to be reasonable for this venue and type of work but ASIC argued that Berardinelli's hourly rate was high. ASIC Response Affidavits.

The Court agrees that Mr. Berardinelli's hourly rate of $500 is too high for this particular market and for this type of work. While Mr. Berardinelli supplied affidavits from eight attorneys from various states, these out-of-state affidavits are not evidence of the prevailing hourly rate in New Mexico. Moreover, the fact that Mr. Berardinelli charged his client $500 per hour is not determinative. "The relevant market value is not necessarily the price which a party's lawyer charged to prosecute the case, but, rather, the market value is 'the price that is customarily paid in the community for services like those involved in the case at hand.'" *Ellis*, 163 F.3d at 1203. 1998). Nor does the inclusion of Mr. Berardinelli in the publication of "Best Lawyers in America," along with dozens of other New Mexico attorneys, persuade the Court that Mr. Berardinelli should be awarded a rate of $500 per hour for his work. Mr. Berardinelli has not satisfied his burden of demonstrating that a rate of $500 per hour is the prevailing rate in New Mexico. Thus, the Court will reduce Mr. Berardinelli's rate to $275 per hour, which is a rate this market commands for similar services by lawyers of comparable skill.

As for the other fee requests, the Court will award fees at the following hourly billing rates: $275 for Mr. Dow; $225 for Ms. Weisman; $250 for Mr. Brant; $185 for Ms. Hunt; and $275 for both Mr. Warburton and Ms. Sanchez. These billing rates are reasonable for this market.

## II.  Billable Hours

Generally, the Court will reduce the number of hours billed when the attorneys use block billing because the Court is unable to determine the reasonableness of the specific tasks for which attorney's fees are sought. Thus, the Court exercises its discretion to award one hour of billing time in relation to billing entries that consist of block billing.

In addition, the Court will not award fees for briefing on issues that do not appear directly related to the remand issue or for time expended on administrative tasks. The Court will reduce hours when the Court finds the requested billings are excessive in relation to the work.

### A. *Mr. Pierce (Berardinelli)*

Mr. Berardinelli sets out a total of 115.25 hours in 13 separate billing entries, many of which consist of block billing. The Court will award fees for the times billed, with gross receipts tax, as follows:

```
7/19/16     1 hour        (block billing);
7/20/16     1 hour        (block billing);
7/21/16     7.5 hours;
7/22/16     2.0 hours     (block billing; 2 hours of the requested 12.25 hours are set out separately);
7/23/16     10.75 hours;
7/25/16     8 hours;
7/26/16     11.75 hours;
7/29/14     1 hour        (block billing; motion to stay is not directly related to remand, and the brief, procedural motion was filed and signed by co-counsel);
8/1/16      4.75 hours;
8/10/16     0 hours       (consolidated response to motion to strike and to motion to dismiss not clearly related to remand);
8/26/16     8.75 hours;
```

      4/17/17        0 hours        (conversation re: whether to file motion for limited discovery not clearly related to remand);
      7/27/17        4.25 hours.
      Total hours::  60.75  X     $275.00=        $16,706.25
      plus gross receipts (Santa Fe): 8.3125%   =       $ 1388.71

                                    **Total Fee Award:    $18,094.96 (Pierce/Berardinelli)**

      *B. Mr. Enloe (Dow and Weisman)*

Mr. Dow claimed to have spent a total of 77 hours, and Ms. Weisman claimed to have spent 100.1 hours working on the remand issue. Thus, together, the two attorneys claim to have expended 177.1 hours.

The Court does not set out the entire billings by Mr. Dow and Ms. Weisman, and instead, details below the reduced hours that the Court will award for block billing, imprecise billing entries, and for work on unrelated matters. Then the Court adds other appropriately billed hours to the reduced hours for the total fee award.

      Dow Hours:

      7/19/16        1 hour        (block billing);
      7/20/16        1 hour        (block billing);
      7/20/16        1 hour        (3.6 hours is excessive billing for "long telephone conference");
      7/21/16        1 hour        (stay of discovery not clearly related to remand; 4.8 hours is excessive);
      7/22/16        1 hour        (block billing);
      7/22/16        1 hour        (block billing);
      7/25/16        1 hour        (imprecise billing and block billing);
      7/26/16        1 hour        (block billing; unrelated stay of discovery matter);
      8/3/16         1 hour        (block billing and unrelated matters);
      8/4/16         1 hour        (block billing and unrelated matters);
      8/17/16        1 hour        (block billing, imprecise billing; unrelated matters);
      8/19/16        1 hour        (2.5 hours excessive for a Notice that was filed);
      9/9/16         1 hour        (block billing; imprecise billing);
      10/31/16      1 hour        (block billing; imprecise billing);
      5/12/16        1 hour        (block billing; imprecise billing).
      Total:        15 hours (to be awarded instead of originally requested 55.5 hours)

A total of 21.5 hours billed by Mr. Dow was not reduced; thus, 21.5 is added to 15 hours for a revised total of 36.5 hours which is multiplied by $275/hour for a total of $10,037.50.

Weisman Hours:

| | | |
|---|---|---|
| 7/25/16 | 1 hour | (block billing; imprecise billing; administrative tasks); |
| 7/26/16 | 1 hour | (block billing; administrative tasks); |
| 7/28/16(2)[1] | 1 hour | (block billing); |
| 7/29/16(1) | 1 hour | (block billing); |
| 7/29/16(2) | 1 hour | (block billing); |
| 8/8/16 | 1 hour | (block billing; unrelated matters; administrative tasks); |
| 8/9/16 (2) | 1 hour | (block billing; administrative tasks); |
| 8/10/16(1) | 1 hour | (block billing); |
| 8/23/16(2) | 1 hour | (block billing); |
| 9/9/16 | 1 hour | (block billing); |
| 9/13/16 | 1 hour | (block billing); |
| 5/17/17 | 1 hour | (block billing). |
| Total: | 12 hours (to be awarded instead of originally requested 31.2 hours) | |

In addition to this reduction, the Court will further reduce Ms. Weisman's remaining 68.9 hours by 25 hours for excessive billing in drafting emails and preparing for conference calls and for administrative tasks. The Court also makes this reduction because it appears that Mr. Dow and Ms. Weisman each billed almost 20 hours for preparing a reply brief, which is excessive. *See, e.g., Weisman billing entries:* 7/28/16(3) (letters and emails); 8/9/16(3) (drafting emails re: extension); 8/11/16(1) (email work and "non-remand responses"); 8/11/16(2) (administrative task of annotating state court dockets); 8/11/16(3) (administrative work of annotating state court docket with audio files); 8/11/16(4) (administrative work of updating state court docket with highlighting); 8/12/16(1) (drafting post telephone call follow up email and administrative task of locating and disseminating letter); 8/18/16 (administrative task of checking docket of references to motion to stay, which is not clearly related to remand); 8/22/16 (reviewing emails); 8/23/16(2) (administrative tasks of compiling email re: earliest contacts with client's counsel and reviewing

---

[1] The "(2)" following the date of 7/28/16 indicates that this is the 2nd of multiple billing entries for the date of 7/28/16.

8

email folders); 8/23/16(3) (reviewing and drafting emails); 8/24/16 (administrative task of organizing subfolders of pleading packages); 8/31/16 (instructing legal assistant to calendar deadlines); 9/12/16(1, 2, 3) (reviewing emails); 9/30/16 (sending calendaring instructions to legal assistant); 2/1/17 (save motion in pleadings folder for withdrawal of a CNA attorney); 2/2/17 (update contact list per withdrawal and save order in pleadings folder); 3/2/17 (instruct legal assistant); 6/13/17 (compile computer folder); 7/27/17(2) (review status of travelers, email summary); 7/31/17(1) (administrative tasks) 7/31/17(2) (look up A.Conway's new firm information online).

The Court will award fees for 55.9 hours of work by Ms. Weisman (12 hours plus 43.9), which is multiplied by an hourly rate of $225, for a total of $12,577.50. The combined total amount of attorney's fees for work by Mr. Dow and Ms. Weisman is $22,615 ($10,037.50 plus $12,577.50). Mr. Enloe also requests $492.39 in legal research costs, which the Court finds reasonable. Thus, the fee and cost award is: $23,107.39 ($22,615 plus $492.39). Mr. Enloe seeks gross receipts tax at a rate of 7.5% ($1733.05), which the Court also finds reasonable.

**Total Fee Award:     $24,840.44 (Enloe/Dow&Weisman)**

*C. Ms. Cook (Brant and Hunt)*

Mr. Brant has billed 7 hours of time ($250/hour), and Ms. Hunt expended 75.4 hours ($185/hour). Together, Ms. Cook's attorneys request 82.4 hours for their work on the remand issues. While Mr. Brant's billing entries are vague, imprecise, or not clearly related to the remand issues ("attend to motion to remand[,]" "various emails re remand motions[,]" "review numerous motions and court filing re staying case"), the Court in its discretion finds Ms. Cook's attorney fee request reasonable.

**Total Fee Award: $17,306.42(Cook/Brant&Hunt)**

D.  *LANB (Warburton and Sanchez)*

Mr. Warburton and Ms. Sanchez have billed a total of 99.4 hours at a rate of $275 per hour. The Court will make the following reductions:

8/4/16    1 hour    (excessive billing for reading a joint motion to stay that may not have been directly related to remand issues)
8/8/16    0 hour    (teleconference regarding request to reschedule hearing not clearly related to remand issue)
8/8/16    0 hour    ("drafting on response to motion to reschedule telephonic hearing" does not appear directly related to remand issue and Court could not locate "response" filed by LANB on the docket);
8/8/16    1 hour    ("read ASIC response to stay proceedings an case cited therein[;]" this billing of 1.60 is excessive since the response is 3-4 pages long and cites 2 cases);
8/10/16   0 hour    (read emails and attachments "regarding response to ASIC's motions to dismiss and requests for extensions of time[;]" this entry is unrelated to remand issues).

Instead of the 5.10 hours requested for work on the above-described dates, the Court will award 2 hours. Thus, LANB's requested hours of 99.4 hour is reduced to 96.30 hours for a total fee request of $<u>26,482.50</u>. The Court will also award requested fees and costs in the additional amount of $2540.25 (paralegal and law clerk hours and costs), along with gross receipts tax at the rate of $7.3125%.

**Initial Fee Award:    $31,145.04 (LANB/Warburton&Sanchez)
[see adjustment below]**

### III.    Additional Fee Award Related to Motions to Reconsider

Plaintiffs were required to respond to Continental's Motion to Reconsider the Court's decision to grant attorney's fees and to ASIC's similar Motion to Reconsider. The fees related to the responsive briefs were not included in the Plaintiffs' earlier-filed affidavits. However, LANB was the primary Plaintiff to file a response to Continental's Motion, which Mr. Enloe joined. Mr. Pierce filed a response to ASIC's Motion to Reconsider, but the Court did not consider it before issuing its decision denying the Motions to Reconsider. The Court will award additional

10

attorney's fees to LANB in the amount of $825.00 (3 hours of work at the hourly rate of $275) plus gross receipts tax of $60.33, for an additional fee award of $<u>885.33</u>.

**Therefore, LANB's total fee award is increased to $32,030.37.**

### IV. <u>Apportionment of the Award of Fees Between Defendants</u>

The Court agrees with Continental that the award of attorney's fees should be apportioned appropriately between ASIC and Continental since the majority of the remand briefing pertained to ASIC's removal which was filed before Continental's removal. For example, because all four of Plaintiffs' motions to remand were filed before Continental filed its notice of removal, Plaintiffs' motions to remand challenged only ASIC's removal, not Continental's later-filed removal. Similarly, Plaintiffs' replies to the motions to remand mainly opposed ASIC's removal although the replies also briefly argue that Continental's removal was untimely.

The only substantive brief filed by Continental on the remand issue was its consolidated response to the motions to remand. Thereafter, LANB filed a response to Continental's consolidated response, and the other three Plaintiffs joined in LANB's response. In addition, there was some minimal briefing directed at Continental's motion to realign the parties, as well as briefing related to Continental's Motion to Reconsider.

The Court will require Continental to pay 15% of the total fee award of $92,272.19, which amounts to $13,840.83. ASIC is responsible for the remaining fee award of $78,431.36. The parties should make the appropriate calculations to ensure that each Plaintiff receives the correct amount of fees, i.e., Continental will pay 15% of LANB's total fee award of $32,030.37, etc.

IT IS THEREFORE ORDERED that:

1) Attorney's fees and costs are awarded to Plaintiff Pierce against Defendants ASIC and Continental in the amount of **$18,094.96;**

2) Attorney's fees and costs are awarded to Plaintiff Enloe against Defendants ASIC and Continental in the amount of **$24,840.44;**

3) Attorney's fees and costs are awarded to Plaintiff Cook against Defendants ASIC and Continental in the amount of **$17,306.42;**

4) Attorney's fees and costs are awarded to Plaintiff LANB against Defendants ASIC and Continental in the amount of **$32,030.37;**

5) the total combined fee award of $92,272.19 is apportioned between ASIC and Continental, with the results that Continental must pay Plaintiffs a total of **$13,840.83** and ASIC must pay Plaintiffs a total of **$78,431.36**; and

6) These fee awards are to be paid to Plaintiffs by September 29, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE